United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cajule Cedant, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-24877-Civ-Scola |
| | ) |
| United States of America, | ) |
| Defendant. | ) |

**Order On Motions for Summary Judgment**

This matter is before the Court upon the parties' cross motions for summary judgment. For the reasons stated below, the Court **denies** the Defendant's motion (**ECF No. 37**) and **denies** the Plaintiff's motion (**ECF No. 40**.)

1. **Background**

The instant dispute arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.* On December 10, 2017, the Plaintiff claims to have been involved in a traffic accident with United States Postal Service ("USPS") employee Elijah Miller in North Miami, Florida when Mr. Miller allegedly ran a stop sign while in his USPS Long-Life Vehicle ("LLV") and collided with the Plaintiff's vehicle, resulting in the Plaintiff's vehicle rolling over. (ECF No. 39, 43, at ¶¶ 1-2, 6-15.)

The Court briefly recounts the procedural history of this matter, which plays an important role in the parties' cross motions for summary judgment. On May 26, 2020, the Court issued its scheduling order, which required the parties to exchange expert witness disclosures by December 29, 2020. (ECF No. 15.) Fact discovery closed on that same date. (*Id.*) In its scheduling order, the Court stated "[w]hen a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report" but when such a physician is "offering opinions beyond those arising from treatment" a Rule 26(a)(2)(B) report is required. (*Id.*)

On January 5, 2021, after the deadline for expert witness disclosures had passed, the Plaintiff moved the Court to extend all pre-trial deadlines, including trial date. (ECF No. 30.) In his motion, the Plaintiff stated he specifically needed to extend "the deadline to exchange expert witness summaries/reports as the prior deadline fell during the holidays." (*Id.*) The

Defendant timely disclosed its reports. (*Id.*) The Court denied the Plaintiff's motion because the Plaintiff failed to explain why it could not abide by future deadlines in the case and explained an order from the Court is not necessary when an extension does not interfere with future Court-imposed deadlines. (ECF No. 31.) On January 8, 2021, the Plaintiff moved the Court to reconsider its motion, now explaining that the Plaintiff needed an extension due to the approaching dispositive motion deadline of January 12, 2021. (ECF No. 32.) The Court granted the Plaintiff limited relief and extended the dispositive motion deadline by 10 days, but stated "all other deadlines shall remain the same." (ECF No. 33.)

   **2. Legal Standard**

      **A. Summary Judgment**

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). Thus, the non-moving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*,

357 F.3d 1256, 1259-60 (11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

### 3. Analysis

#### A. Plaintiff's Motion for Partial Summary Judgment

The Court turns first to the Plaintiff's motion for summary judgment on liability only. (ECF No. 40.) When a plaintiff brings a cause of action for negligence under the FTCA, the Court applies the law of the state where the alleged tort occurred. *Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004). To prevail on a negligence claim under Florida law, a plaintiff must adequately allege: 1) that the defendant owed a duty to the plaintiff; 2) that the defendant breached that duty; 3) that the breach caused the plaintiff's injury; and 4) actual harm. *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007); *see also Canteen v. United States*, No. 1:13-cv-132, 2014 WL 12573516, at *2 (N.D. Fla. Oct. 8, 2014). Because the Plaintiff failed to timely exchange its expert disclosures with the Plaintiff, the Defendant states that the Plaintiff cannot prove causation or actual harm because, under Florida law, lay testimony is legally insufficient to support a finding of causation where, as here, the medical condition is not readily observable. (ECF No. 37, at 13.) Even if the Plaintiff's expert reports had been timely submitted, the Defendant states that summary judgment is inappropriate as the Plaintiff has failed to show the "absence of any genuine dispute of material fact regarding the person or persons responsible for the collision." (ECF No. 45, at 4.) Confusingly, in response to the Defendant's arguments, the Plaintiff states, without citation to any legal authority, that to prevail on summary judgment with regards to liability only, the Plaintiff need only prove the existence of a duty and that the duty was breached, but not causation or actual harm. (ECF No. 49, at 2.)

The Court finds that the Plaintiff has failed to adequately prove causation and actual harm as he failed to address these prongs in his briefing. Indeed, the Plaintiff stated, "[a]s mentioned above, the Plaintiff's motion was for *partial* summary judgment as to *liability*. Accordingly, . . . the Plaintiff need only establish" duty and breach. (ECF No. 49, at 2) (emphasis in original). Plaintiff seems to misunderstand that it is his burden to prove each and every element of his negligence claim in order to prove the Defendant's liability for negligence. *See Canteen*, 2014 WL 12573516, at *2 (stating standard for proving negligence

under Florida law requires proof of all four elements in context of motion for partial summary judgment as to liability only). As the Plaintiff failed to adequately address each element of negligence, the Court finds summary judgment in favor of the Plaintiff at this stage is improper.

### B. Defendant's Motion for Summary Judgment

In support of its own motion for summary judgment, the Defendant argues that, without being able to rely on its untimely expert reports to prove causation or actual harm, the Plaintiff is unable to prevail on its negligence claim. (ECF No. 37, at 1.) While the Court finds the government's arguments persuasive, particularly in light of the Plaintiff's actions in this case, the Court notes that, in the Eleventh Circuit, there is a strong preference for courts to resolve legal actions on their merits, rather than on procedural technicalities. *Elof Hansson Paper & Board, Inc. v. Caldera*, No. 11-20495-Civ, 2013 WL 12093241, at *10 n.12 (S.D Fla. 2013) (Williams, J.) (discussing *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). With this principle in mind, the Court also finds that summary judgment in favor of the Defendant at this stage is equally improper.

### 4. Conclusion

While extensions of time are frequently sought from the Court, they are not granted as a matter of right. This is particularly so where a party is seeking an extension of time after the relevant deadline has passed. In such circumstances, consistent with Federal Rule 16(b)(4), modification of a scheduling order is precluded unless the schedule cannot be met despite the diligence of the party seeking the extension. *Donaldson v. Carnival Corp.*, No. 20-23258-Civ, 2021 WL 65445, at *1 (S.D. Fla. Jan. 7, 2021) (Scola, J.). Here, the Plaintiff moved to extend the expert disclosure deadline together with all remaining deadlines in the matter and trial date after the deadline for expert disclosures had passed, explaining only that "the prior deadline" which had at that point been in place for seven months, "fell during the holidays." (ECF No. 30.) Critically, "diligence is the key to satisfying the good cause requirement." *Donaldson*, 2021 WL 65445, at *1. The Plaintiff's motion was perfunctory, failed to show that the Plaintiff acted with diligence, and failed to demonstrate good cause for the requested modifications to the scheduling order. On that basis, and because the Plaintiff failed to explain how any other deadlines in this matter were impacted based on the Plaintiff's failure to timely disclose its expert disclosures, the Court denied the Plaintiff's motion.

Thereafter, the Plaintiff moved the Court to reconsider his motion. (ECF No. 32.) This time, the Plaintiff explained that he sought to extend the trial date in this matter because the Court's order requiring discovery and scheduling conference requires the dispositive motion deadline "be set no later than four months before the commencement of the proposed trial period." (ECF No. 5, at 2.) The Plaintiff reiterated that he had missed the expert disclosure deadline because it "fell during the holidays." (ECF No. 32, at 1.) The Plaintiff explained because of the Court's order regarding the deadline around dispositive motions, he sought reconsideration of his motion for extension of all deadlines "in an abundance of caution," seeking as an alternative for the Court to extend the dispositive motion deadline. (*Id.* at 2.) The Court granted the Plaintiff a ten-day extension for the filing of dispositive motions, but otherwise kept all remaining deadlines the same.

It was the Plaintiff's responsibility to demonstrate to the Court in a sufficiently detailed manner why the extension of deadlines in this matter was necessary. The Plaintiff failed to satisfy that burden. At no point did the Plaintiff explain to the Court the potentially dispositive nature of its expert reports and the substantial prejudice that could be suffered by the Plaintiff if the expert disclosure deadline were not modified. As a result, the parties and the Court have expended substantial resources unnecessarily. The Plaintiff is reminded that, under Federal Rule 16(f), the Court may issue sanctions for non-compliance with the Court's scheduling order. The Defendant may also move the Court to impose similar sanctions.

In light of the above, and in consideration of the Court's strong preference to resolve disputes on their merits, the Court orders the parties to meet and confer and suggest necessary alterations to the Court's scheduling order and trial date by **March 23, 2021**. The Plaintiff shall be responsible for informing the Court of the parties' agreement. Failure to timely do so will result in the dismissal of this action without prejudice. The Court **denies** both parties motions for summary judgment (**ECF Nos. 37, 40**.) The Court notes the Defendant filed a motion in limine to exclude the Plaintiff's untimely expert reports. (ECF No. 50.) By **March 23, 2021**, the Defendant shall advise the Court if its motion is now moot in whole or in part in light of the Court's order.

**Done and ordered** in Miami, Florida on March 16, 2021.

Robert N. Scola, Jr.
United States District Judge